# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JANELLE JENNINGS, ) | |
| ) | Civil Action Number: |
| ) | |
| Plaintiff ) | |
| ) | FLSA Action |
| v. ) | |
| ) | |
| EMORY HEALTHCARE, INC., ) | |
| A Georgia Non-Profit Corporation ) | Jury Trial Demanded |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW Plaintiff Janelle Jennings (hereinafter "Plaintiff") by and through her undersigned counsel, and files this Compliant against Defendant Emory Healthcare, Inc. (hereinafter "Defendant") pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

### INTRODUCTION

1. The instant action arises from Defendant's violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), and specifically the provisions of the FLSA found at § 216(b) to remedy violations of the overtime provisions of the FLSA by Defendant which have deprived Plaintiff of her lawful overtime wages.

2. Plaintiff has been employed by Defendant as a transcriptionist since approximately 1997.

3. Since at least three years prior to the filing of this Complaint until on or about April 22, 2011, Defendant committed violations of the FLSA by failing to compensate Plaintiff at the legally appropriate overtime rate for hours worked in excess of 40 hours in a given workweek.

4. Plaintiff seeks overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (FLSA).

6. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (a) and (c) because some of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendant is subject to personal jurisdiction in this District.

## PARTIES

7. Plaintiff resides in Alpharetta, Fulton County, Georgia (within this District) and is a citizen of the United States.

8. At all times material to this action, Plaintiff was "employee" of Defendant defined by § 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States. Plaintiff is further covered by §§ 203 and 207 of the FLSA for the period in which she were employed by Defendant.

9. Defendant is a non-profit corporation formed under the laws of the State of Georgia and operates a university in the state of Georgia.

10. Defendant conducts business within this State and District.

11. Defendant maintained either actual or constructive control, oversight and direction of Defendant's transcriptionists, including the employment and pay and other practices of that department.

12. Defendant is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Jane E. Jordan, 201 Dowman Drive, 102 Administrative Bldg, Atlanta, Georgia 30322

13. At all times material to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

14. The overtime provisions set forth in § 207 of the FLSA apply to Defendant.

## FACTUAL ALLEGATIONS

15. At all times relevant to this action, Plaintiff's primary duty was to transcribe pathology dictation provided by Emory pathologists, residents, fellows, and physician assistants. At all times relevant to this action, Plaintiff's primary duty was not the management of the enterprise in which they were employed, nor of a customarily recognized department or subdivision thereof.

16. At all times relevant to this action, Plaintiff was not responsible for customarily and regularly directing the work of two or more other employees.

17. At all times relevant to this action, Plaintiff did not possess the authority to hire or fire other employees.

18. At all times relevant to this action, Plaintiff did not possess discretion or exercise independent judgment with respect to matters of significance in the daily activities they performed.

19. At all times relevant to this action, Plaintiff was non-exempt employees for purposes of overtime compensation.

20. Plaintiff was scheduled to work Monday, Wednesday, and every other Friday from 9:00 a.m. until 6:00 p.m. and Tuesday, Thursday, and every other Friday from 6:30 a.m. until 3:00 p.m.

21. Plaintiff worked from home and received her work assignments throughout the day electronically.

22. Plaintiff was given a deadline to complete assignments of 8:00 a.m. the next morning regardless of when she received her assignments.

23. Plaintiff's current hourly regular rate of pay is $19.47 plus a bonus of $.10 per transcribed line over 1500 lines.

24. Plaintiff worked from home and received her work assignments throughout the day electronically.

25. In order to meet the 8:00 a.m. deadline, Plaintiff was required to continue working past her scheduled end time.

26. Defendant required Plaintiff to clock out at her scheduled time but required her to continue working to complete her work "off the clock."

27. This off the clock work required Plaintiff to regularly work in excess of forty (40) hours per week.

28. Defendant was aware that Plaintiff was required to work off the clock in order to complete her work and continued to compensate her the $.10 per line over 1500 bonus for that work but did not compensate her with her hourly rate or overtime rate.

29. Plaintiff made her supervisors aware that she was required to work off the clock in order to meet her deadlines.

30. Plaintiff's daily work log showed that she was required to work off the clock to complete her work and her supervisors reviewed this daily work log.

31. At one point, Plaintiff attempted to receive compensation for her overtime work by recording all hours worked but was written up by Defendant. However, Plaintiff was never written up for working off the clock despite Defendant's daily knowledge that Plaintiff was required to work off the clock in order to meet the deadlines set by Defendant.

32. At all times relevant to this action, Defendant did not compensate Plaintiff for time worked in excess of forty (40) hours per week at a rate not less than one and one-half times the regular rate at which they were employed.

33. Defendant kept records concerning the number of hours actually worked by Plaintiff and the compensation actually paid to Plaintiff.

34. Defendant failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. §§ 207 or 213 with respect to Plaintiff.

35. Defendant failed to meet the requirements for paying Plaintiff at a rate not less than one and one-half times the regular rate at which they were employed,

at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

36. Defendant is liable to Plaintiff for compensation for any and all time worked in excess of 40 hours per week at the rate of at least one and one-half times Plaintiff's regular rate at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

37. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

38. As a result of Defendant's failure to act with good faith in compensating Plaintiff, Plaintiff is entitled to liquidated damages.

39. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant 29 U.S.C. § 216(b), Plaintiff are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

40. Plaintiff demands a jury trial.

## COUNT I

41. Plaintiff repeats and incorporates by reference Paragraphs 1-40 herein. By its actions alleged herein, Defendant willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations.

42. Defendant has willfully and intentionally engaged in a pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay overtime wage compensation to Plaintiff in accordance with §§ 203 and 207 of the FLSA.

43. As a result of Defendant's violations of the FLSA, Plaintiff has suffered damages by failing to receive overtime wages in accordance with §§ 203 and 207 of the FLSA.

44. Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

45. As a result of the unlawful acts of Defendant, Plaintiff has been deprived of overtime compensation in an amount to be determined at trial and are entitled to recovery of such amount, liquidated damages, attorneys' fees, costs and other compensation and relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, pursuant to § 216(b) of the FLSA, prays for the following relief:

A. That Plaintiff be awarded damages plus an equal amount of liquidated damages;

B. That Plaintiff be awarded reasonable attorneys' fees;

C. That Plaintiff be awarded the costs and expenses of this action;

D. That Plaintiff be awarded judgment in her favor; and

E. That Plaintiff be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which they may be entitled.

Respectfully submitted this 21st day of August, 2011.

        MARTIN & MARTIN, LLP

        By:   /s/Kimberly N. Martin
              Kimberly N. Martin
              kmartin@martinandmartinlaw.com
              Georgia Bar No. 473410
              Thomas F. Martin
              tfmartin@martinandmartinlaw.com
              Georgia Bar No. 482595

        MARTIN & MARTIN, LLP
        Post Office Box 1070
        Tucker, Georgia 30085-10170
        (404) 313–5538/ (770) 837–2678 Fax